**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

HONEY KEYES,

Plaintiff,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,

Defendant.

_____

**NOTICE OF REMOVAL**
_____

Defendant, The Travelers Home and Marine Insurance Company ("Travelers"), through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C.Colo.L.Civ.R. 81.1, removes this civil action from the 18th Judicial District Court, Douglas County, State of Colorado to the United States District Court for the District of Colorado. In support of this Notice of Removal, Travelers will show the Court as follows:

1.  Travelers is the Defendant in a civil action pending in the 18th Judicial District Court, Douglas County, State of Colorado and entitled *Honey Keyes v. The Travelers Home and Marine Insurance Company*, Case No. 2018CV30608. A copy of the documents listed on the register of actions from the state court is attached hereto. Specifically, the Complaint is attached as **Exhibit A**, the Civil Case Cover Sheet is attached as **Exhibit B**, the Summons is attached as **Exhibit C**, the Return of Service is attached as **Exhibit D,** the current register of actions is attached hereto as **Exhibit E**, the Unopposed Motion for Extension of Time to Respond to Complaint is

attached as **Exhibit F**, the Entry of Appearance is attached as **Exhibit G**, and the Order Regarding Unopposed Motion for Extension of Time to Respond to Complaint is attached as **Exhibit H.**

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within one year of the commencement of this action and within thirty days of the date on which this case first became removable. The Complaint was filed on June 29, 2018. Plaintiff served its Complaint on Travelers, via its Registered Agent, on July 6, 2018. The thirty-day period for removal commenced on July 6, 2018, the date Travelers' Registered Agent was served with the Complaint. 28 U.S.C. § 1446(b).

3. Plaintiff alleges the following claims for relief against Travelers, (1) bad faith breach of insurance contract and (2) unreasonable delay and denial of covered benefits pursuant to C.R.S. §§ 10-3-1115 and 1116.

### Diversity of Citizenship

4. Plaintiff is a citizen of the State of Colorado. *See* Complaint at ¶1, **Exhibit A**. Defendant Travelers is incorporated in the State of Connecticut with its principal place of business in Connecticut. *See* Periodic Report on file with Colorado Secretary of State, attached as **Exhibit I**.

5. Plaintiff is a citizen of the State of Colorado. Travelers is a citizen of the State of Connecticut. Therefore there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332.

6. To meet the jurisdictional requirement under 28 U.S.C. § 1332, Travelers must establish that Plaintiff's damages could exceed $75,000.00 exclusive of interest and costs. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The amount in controversy is not

proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

7. Plaintiff's original Complaint did not articulate what Plaintiff's alleged damages were. *See* Complaint attached hereto as **Exhibit A**. The Civil Cover Sheet filed with Plaintiff's Complaint indicates that Plaintiff is seeking judgment in excess of $100,000.00. *See* Civil Cover Sheet, **Exhibit B.** This alone is sufficient evidence to support that the amount in controversy exceeds $75,000. *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).

8. If Plaintiff is able to prove that Defendant unreasonably delayed payment of Plaintiff's claim for benefits, Plaintiff is also entitled to two times the covered benefit, plus reasonable attorneys' fees. C.R.S. § 10-3-1116(1); *see also Stamey v. Nat'l Gen. Ins. Co., No. 15-CV-0560-WJM-MJW, 2015 WL 5719654, at \*2 (D. Colo. Sept. 30, 2015)*. Plaintiff's Complaint acknowledges this result and specifically demands attorneys' fees in addition to two times the covered benefit. *See Complaint,* **Exhibit A**, ¶ 22.

9. Accordingly, this Court has original jurisdiction over the action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceed $75,000.00.

10. Promptly upon filing this Notice of Removal, Travelers shall give written notice of the filing to Plaintiff as required by law. Travelers is concurrently filing a notice attaching this Notice of Removal with the clerk of the 18th Judicial District Court, Douglas County, State of Colorado where this action was originally filed.

**WHEREFORE**, The Travelers Indemnity Company of Connecticut requests that this Court accept its Notice of Removal and assume jurisdiction over this action.

Respectfully submitted this 2nd day of August, 2018.

>FORAN GLENNON PALANDECH
>PONZI & RUDLOFF PC
>
>By: *s/ Wm. Ryan Walls*
>   Amy M. Samberg
>   Wm. Ryan Walls
>   1600 Broadway, Ste. 2425 Denver,
>   Denver, Colorado 80202
>   Telephone: (720) 336-2249
>   asamberg@fgppr.com
>   rwalls@fgppr.com
>   *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 2, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David Roth, #44800
Samuel F. Mitchell, #51253
Speights and Worrich, LLC
2149 S. Holly Street, Ste. 105
Denver, CO 80222
david@speightsfirm.com
sam@speightsfirm.com
*Attorneys for Plaintiff*

>*s/ Letitia Conroy*
>Letitia Conroy