| | |
|---|---|
| **18th Judicial District Court**<br>**Douglas County, State of Colorado**<br><br>Court Address:    4000 Justice Way, Suite 2009<br>                             Castle Rock, CO  80109 | DATE FILED: June 29, 2018 4:05 PM<br>FILING ID: F4F86869735D5<br>CASE NUMBER: 2018CV30608 |
| **Plaintiff:**    Honey Keyes<br><br>**v.**<br><br>**Defendant:**   The Travelers Home and Marine Insurance Company | |
| | ▲    COURT USE ONLY    ▲ |
| **Attorneys for Plaintiff:**<br>Attorney:    David Roth, #44800<br>                    Samuel F. Mitchell, #51253<br>Address:    Speights and Worrich, LLC<br>                    2149 South Holly Street, Suite 105<br>                    Denver, CO  80222<br>Phone Num.:  (303) 662-8082<br>Fax Num.:    (303) 662-8083<br>E-Mail:        david@speightsfirm.com<br>                    sam@speightsfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW PLAINTIFF, Honey Keyes, by and through her attorneys, Speights and Worrich, LLC, and Complains against the above named Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Honey Keyes, is a citizen and domicile of the City of Castle Rock, County of Douglas, in the State of Colorado.

2. Upon information and belief, Defendant, The Travelers Home and Marine Insurance Company, is a foreign corporation organized under the laws of Connecticut and is authorized to do business in Colorado. Defendant may be served with process by its registered agent of service, the Colorado Division of Insurance, at 1560 Broadway, Denver, Colorado 80203.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

**EXHIBIT A**

## GENERAL ALLEGATIONS

5. The Travelers Home and Marine Insurance Company (hereinafter "Defendant") issued Policy Number 0CYB039994123113633 1 (hereinafter the "Policy") to Honey Keyes (hereinafter "Plaintiff") insuring property located at 861 Appleby Place, Castle Rock, Colorado 80104 (hereinafter the "Property") on the date of the storm.

6. Upon information and belief, the Policy is a homeowners policy that covered, *inter alia*, all risks of direct physical loss or damage to the home located at the Property, including property damaged by hail and wind.

7. A claim for benefits was tendered to Defendant by Plaintiff because her home sustained substantial wind and hail damage on or about July 1, 2016 and Defendant issued claim number H1V4034001H related to this storm.

8. On or about September 19, 2016, Defendant inspected Plaintiffs' Property and issued its estimate with a replacement cost value (hereinafter "RCV") of $8,187.74. After recoverable depreciation in the amount of $2,390.38 and Plaintiff's $1,500.00 deductible, Plaintiff received $4,297.36 for her Claim. The estimate did not provide for a full replacement, rather it provided for replacement of the damaged shingles.

9. After removing a shingle, Plaintiff's contractor, Troy Gray, could not match it with any of the current sample boards from any manufacturer. Mr. Gray reached out to Beacon Supply to try to help him find a match. He found out that the prior shingles were made by a company that had been bought out and that the new company no longer made that shingle. Beacon Supply was able to find a shingle that was similar, but not a match to the prior shingle.

10. Defendant was advised by Mr. Gray that the shingle on Plaintiff's could not be located; however, Defendant advised Mr. Gray to go ahead with the replacement of the damaged shingles even though Defendant knew it was not a match.

11. After replacing the shingles, the roof looked like a patchwork quilt and it was clear that the roof no longer had a uniform appearance. Plaintiff, through Mr. Gray, made Defendant aware of the issue. On numerous occasions, Mr. Gray brought this issue to Defendant's attention; however, he was consistently rebuffed, Plaintiff was assigned new adjusters and Defendant was denying re-inspection requests.

12. Plaintiff sought the help of Counsel and Counsel sent Defendant its letter of representation on June 8, 2017.

13. After receiving Counsel's letter of representation, Defendant agreed to a re-inspection. On or about July 10, 2017, Defendant inspected the Property, and agreed that a full roof replacement was warranted.

**EXHIBIT A**

## FIRST CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

14. Plaintiff incorporates the forgoing paragraphs of its Complaint as if fully set forth herein.

15. Defendant owed duties to Plaintiff under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiff fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights to receive the Policy's benefits.

16. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiff's claims for Policy benefits;
    b. Failing to pay Plaintiff the full benefits owed under the Policy;
    c. Failing to pay amounts under the Policy in a timely manner;
    d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;
    e. Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;
    f. Depriving Plaintiff of the benefits and protections of the contract of insurance;
    g. Compelling Plaintiff to institute litigation in order to recover amounts due under the Policy; and
    h. Other conduct to be revealed through discovery.

## SECOND CLAIM FOR RELIEF
### (Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)

17. Plaintiff incorporates the forgoing paragraphs of its Complaint as if fully set forth herein.

18. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

19. Plaintiff is a first-party claimant under C.R.S. §10-3-1115.

20. Defendant has delayed and denied resolution of Plaintiff's claim without a reasonable basis within the meaning of C.R.S. §10-3-1115.

21. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed by an insurer may bring an action in Colorado district court

to recover reasonable attorneys' fees and court costs and two times the covered benefit.

22. Because Defendant's actions, as described above, violate C.R.S. §10-3-1115, Plaintiff brings this claim to recover her reasonable attorneys' fees and court costs and two times the covered benefit, as allowed under C.R.S. §10-3-1116.

WHEREFORE, Honey Keys respectfully requests that judgment be entered in her favor and against The Travelers Home and Marine Insurance Company as follows:

a. For compensatory damages, both economic and non-economic, in amounts to be proved at trial;
b. For double damages pursuant to statute;
c. For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;
d. For reasonable attorneys' fees and costs of suit herein; and
e. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 29th day of June, 2018.

Respectfully submitted:

SPEIGHTS AND WORRICH, LLC

/s/ *David Roth*
David Roth, #44800
Samuel F. Mitchell, #51253
2149 South Holly Street, Suite 105
Denver, CO  80222
Telephone: (303) 662-8082

ATTORNEYS FOR PLAINTIFF

*In accordance with C.R.C.P. 121 § 1-26(9), a printable copy of this document with electronic signatures is being maintained at the office of the filing party's counsel and is available for inspection by other parties or the court upon request.*

**EXHIBIT A**